THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

LODGED

Stephen G. Contopulos (SBN 050317)
Rollin A. Ransom (SBN 196126)
SIDLEY AUSTIN BROWN & WOOD
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: 213-896-6000
Facsimile: 213-896-6600

Attorneys for Plaintiff
Hearst Holdings, Inc.

Christopher C. Larkin (SBN 119950)
Kenneth L. Wilton (SBN 126557)
Jill A. Schwartz (SBN 178943)
SMALL LARKIN, LLP
Eighteenth Floor
10940 Wilshire Boulevard
Los Angeles, California 90024-3945
Telephone: 310-209-4400
Facsimile: 310-209-4450

Attorneys for Defendants
MandrakeSoft, Inc. and MandrakeSoft S.A.

EntER JS-5 SeND

FILED
CLERK. U S DISTRICT COURT
JUL 1 1 2001
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

ENTERED
CLERK. U S. DISTRICT COURT
JUL 1 2 2001
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HEARST HOLDINGS, INC.

    Plaintiff,

    vs.

MANDRAKESOFT INC. and
MANDRAKESOFT S.A.

    Defendants,

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 00-01916 MMM (RZx)

**STIPULATION AND [Proposed] ORDER REINSTATING CASE AND REFERRING MATTER TO JUDGE DICKRAN TEVRIZIAN FOR FURTHER SETTLEMENT CONFERENCE**

Docketed
Copies / NTC Sent
JS - 5 / JS - 6
JS - 2 / JS - 3
CLSD

35

## STIPULATION

Plaintiff *Hearst Holdings, Inc. ("Hearst") and defendants MandrakeSoft S.A. and its* wholly owned subsidiary, MandrakeSoft, Inc. (collectively, "MandrakeSoft"), through their respective attorneys of record, respectfully submit this stipulation to reinstate the above-referenced action and to refer the matter to the Honorable Dickran Tevrizian for a further settlement conference. In support of this stipulation, the parties state as follows:

1.    On January 17, 2001, in connection with a mandatory settlement conference before the Honorable Dickran Tevrizian, the parties reached a settlement of this matter in principle. Recognizing certain complexities associated with documentation and approval of the settlement, Judge Tevrizian recommended that the parties attempt to complete the settlement within sixty days. Accordingly, this Court directed the parties to submit a stipulation and proposed order of dismissal in this matter no later than March 19, 2001.

2.    Although the parties worked diligently to finalize the settlement in this matter, they were unable to complete the necessary settlement documents within the time initially set by the Court. Accordingly, on several occasions, at the joint request of the parties, the Court extended the time for the parties to submit a proposed order of dismissal, most recently to June 29, 2001.

3.    By order entered June 15, 2001, the Court sua sponte dismissed this action without prejudice to the right, upon good cause shown within thirty days, to reopen the action if the parties are unable to consummate their settlement.

4.    Although the parties have continued their efforts to finalize their settlement of this matter, including exchanging drafts and comments respecting the documents associated with such settlement, they have reluctantly determined that they will be unable to complete settlement of this matter prior to July 13, 2001, and further that they will be unable to complete such settlement without the involvement of a neutral third party. Among the issues that the parties have been unable to resolve are complicated matters of United States and international trademark law. In particular, the parties have been unable to reach agreement respecting whether and to what extent MandrakeSoft's assignment of its various MANDRAKE trademarks to Hearst must also include the goodwill associated with such trademarks. The parties have also identified and attempted to resolve

-2-

numerous other issues raised by the draft settlement-related documents; however, due in part to the fundamental nature of the assignment and goodwill dispute referenced above, they have had limited success in reaching, much less resolving, such additional issues.

5.      Although counsel for the parties intend to continue their efforts to bridge the gap between the parties on all issues respecting the settlement, they have agreed that a settlement conference with a neutral intermediary, and with client representatives present in person, would likely substantially assist their efforts in this regard.  Because the original settlement was reached in a settlement conference with Judge Tevrizian (who therefore has at least certain background information respecting the parties' dispute), the parties believe that Judge Tevrizian is well-suited to further assist the parties in their efforts to finally resolve their settlement of this matter.

WHEREFORE, the parties, through their respective attorneys of record, hereby stipulate to the reinstatement of this action.  The parties further stipulate to an order, on the terms and conditions set forth below, referring this matter to the Honorable Dickran Tevrizian for a further settlement conference.

Dated:  June 26, 2001

SIDLEY AUSTIN BROWN & WOOD
Stephen G. Contopulos
Rollin A. Ransom

_____
Counsel for plaintiff Hearst Holdings, Inc.

Dated:  June 25, 2001

SMALL LARKIN, LLP
Christopher C. Larkin
Kenneth L. Wilton
Jill A. Schwartz

_____
Counsel for defendants
MandrakeSoft, Inc. and MandrakeSoft S.A.

-3-

## ORDER

In light of the foregoing stipulation, and for good cause shown, IT IS HEREBY ORDERED:

1.    This action is reinstated.

2.    This matter is referred to the Honorable Dickran Tevrizian for a further settlement conference. Such settlement conference is to take place within a reasonable time after the date of this order, taking into account the Court's schedule and the travel and scheduling needs of the parties and their counsel. A client representative from each party with authority to consummate the settlement, subject only to any approval that is required to be obtained under applicable law, shall attend the settlement conference in person.

3.    The parties are directed to submit a joint status report to this Court within three business days after completion of the settlement conference.

Dated: **JUL 0 9 2001**

_Margaret M. Morrow_
United States District Judge

-4-

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA          )
                             )  ss
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 555 West Fifth Street, Suite 4000, Los Angeles, California 90013.

On June 26, 2001, I caused the foregoing document described as **STIPULATION AND [Proposed] ORDER REINSTATING CASE AND REFERRING MATTER TO JUDGE DICKRAN TEVRIZIAN FOR FURTHER SETTLEMENT CONFERENCE** in the above action to be served by U.S. Mail on:

Kenneth L. Wilton
Small Larkin LLP
10940 Wilshire Boulevard
18th Floor
Los Angeles, California  90024

I caused the foregoing document to be served by U.S. Mail, as follows: I placed true copies of the document in a sealed envelope addressed to each interested party as shown above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Sidley Austin Brown & Wood, Los Angeles, California. I am readily familiar with Sidley Austin Brown & Wood's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 26, 2001, at Los Angeles, California.

_Rosalyn Jones_
Rosalyn Jones